## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN M. SILBERSTEIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 15-722 (RMC)** |
| ) | |
| **U.S. SECURITIES AND EXCHANGE** ) | |
| **COMMISSION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## OPINION

Stephen M. Silberstein strongly believes that the Securities and Exchange Commission (SEC) should adopt a rule requiring publicly traded corporations to disclose to shareholders and the public their use of corporate funds for political activities. On May 8, 2014, Mr. Silberstein and Citizens for Responsibility and Ethics in Washington (CREW) submitted a petition for rulemaking to the SEC.[1] Since the SEC has not responded to this petition, Mr. Silberstein sued the SEC under the Administrative Procedure Act to challenge the agency's inaction as arbitrary, capricious, and contrary to law, as well as to compel the SEC to act on his petition. The SEC moves to dismiss the Complaint in its entirety. *See* Mot. to Dismiss [Dkt. 8] (MTD). Mr. Silberstein filed a timely opposition to the motion, to which the SEC replied. For the reasons that follow, the Court will grant the motion to dismiss.

---

[1] CREW is not a party in the instant case.

# I.  FACTS

Mr. Silberstein, a shareholder in Aetna, Inc., "has a longstanding interest in issues pertaining to corporate governance and responsibility," particularly the promotion of greater oversight and transparency concerning the political contributions of Aetna and other publicly traded companies.  Am. Compl. [Dkt. 7] ¶ 4.  Mr. Silberstein claims that without regulation to require "greater transparency in the political contributions of Aetna and other publicly traded companies in which [he] owns stock," he cannot properly fulfill "his shareholder duties, as he cannot determine whether those contributions are in the best interests of the companies."  *Id.* ¶ 5.

In 2013, the SEC's Division of Corporation Finance announced that it would consider "whether to recommend that the Commission issue a proposed rule" on this matter.  *Id.* ¶ 4.  No proposal was ever issued.  Therefore, on May 8, 2014, Mr. Silberstein and CREW submitted an amended petition for rulemaking requesting SEC to create a rule establishing a disclosure requirement.[2]  Despite the petition, "the SEC's Agency Rule List for the Fall of 2014, issued on November 21, 2014, continued to omit any reference to such [a] rule."  *Id.* ¶ 34.

On May 13, 2015, Mr. Silberstein filed a one-count complaint under the Administrative Procedure Act (APA), 5 U.S.C. § 500 *et seq.*, alleging that SEC'S failure to respond to Mr. Silberstein's petition was arbitrary, capricious, and contrary to law.  First Compl. [Dkt. 1] ¶¶ 39-41.  On July 13, 2015, SEC moved to dismiss the complaint for failure to state a claim and Mr. Silberstein, in turn, filed a two-count amended complaint on July 16, 2015.  Count

---

[2] Mr. Silberstein's petition resembles a petition filed on August 3, 2011 by the Committee on Disclosure of Corporate Political Spending (CDCPS). This 2011 petition has garnered ample public support. Neither Mr. Silberstein nor CREW were signatories to CDCPS's 2011 petition. Similarly, neither CDCPS nor any of its members joined the petition in the instant case.

I incorporates the allegations and the single count of the First Complaint.   Am. Compl. ¶ 40.
Count II alleges that the SEC's inaction constitutes an "effective denial" of the rulemaking
petition that was arbitrary, capricious, and contrary to law.  *Id.* ¶¶ 47-48.

Specifically, Mr. Silberstein is seeking declaratory relief that the SEC's failure to
respond to the petition (Count I) and failure to grant the petition (Count II) violated §§ 553 and
555 of the APA.[3]  He also seeks injunctive relief under § 706(1) to compel the SEC to respond
immediately to the petition (Count I) and to initiate a rulemaking proceeding (Count II).[4]  *Id.* ¶¶
42-43, 49-50.  SEC now moves to dismiss the Amended Complaint under Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss Under Rule 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to
dismiss a complaint, or any portion thereof, for lack of subject matter jurisdiction.   Fed. R. Civ.
P. 12(b)(1).  No action of the parties can confer subject matter jurisdiction on a federal court
because subject matter jurisdiction is both a statutory requirement and an Article III requirement.
*Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming
subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr
v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardian Life Ins. Co.
of Am.*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and

---

[3] The APA grants to all interested persons "the right to petition for the issuance . . . of a rule," 5
U.S.C. § 555(e), and requires agencies to respond to such petitions "within a reasonable time," 5
U.S.C. § 555(b).

[4] The APA authorizes reviewing courts to "compel agency action unlawfully withheld or
unreasonably delayed."  5 U.S.C. § 706(1).

"[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted).

When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court should "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

### B. Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id.*, but a court need not accept as true legal conclusions set forth in a complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A complaint must allege sufficient facts that would allow the court

"to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

## III.  ANALYSIS

SEC argues that the Court lacks jurisdiction to consider Count I because exclusive jurisdiction is vested in the courts of appeals pursuant to the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78a *et seq*.  It also argues that Count II should be dismissed because it seeks to compel the SEC to initiate a rulemaking proceeding that falls within the SEC's "broad discretionary powers" under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a).  Mr. Silberstein opposes both arguments.

### A.  Count I – Failure to Respond

The Supreme Court has held that "absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts, we will not presume that Congress intended to depart from the sound policy of placing initial APA review in the courts of appeals." *Florida Power & Light Co. Lorion*, 470 U.S. 729, 745 (1985).  It is also well-established in this Circuit that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals." *Telecomm. Research and Action Center v. F.C.C.*, 750 F.2d 70, 75 (D.C. Cir. 1984) (*TRAC*).  Moreover, "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *Id.* at 77.

In the instant case, Section 25(a)(1) of the Exchange Act provides:

A person aggrieved by a final order of the [SEC] entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit,

5

> by filing in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part.

15 U.S.C. § 78y(a)(1). Therefore, the Exchange Act makes clear that review of all "final order[s]" lies in the circuit courts of appeals — not in the district courts. *See, e.g.*, *Am. Petroleum Institute v. SEC*, 741 F.3d 1329, 1333 (D.C. Cir. 2013) (*API*) ("Section 25(a) gives us jurisdiction over challenges to all final orders . . . ."); *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (holding that Section 25(a) is a direct-review provision that "specifically gives the courts of appeals subject-matter jurisdiction to directly review . . . SEC 'orders.'"); *Indep. Broker-Dealers' Trade Ass'n v. SEC*, 442 F.2d 132, 142 (D.C. Cir. 1971) (noting that Section 25(a) was "intended to provide direct review" in the courts of appeals of SEC orders).

In light of Section 25(a), neither potential response to Mr. Silberstein's petition for rulemaking — a final order denying or granting the petition — would be reviewable by this Court. *Cf. FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984) ("Exclusive jurisdiction for review of final FCC orders, such as the FCC's denial of respondents' rulemaking petition, lies in the Court of Appeals . . . ."); *Action on Smoking & Health v. Dep't of Labor*, 28 F.3d 162, 165 (D.C. Cir. 1994) (holding that issuance of a notice of proposed rulemaking is not subject to court review because it does not "impose[] an obligation, den[y] a right, or fix[] some legal relationship") (citation omitted). When the discrete agency action sought — a final SEC order on a petition for rulemaking — is itself reviewable exclusively by a circuit court, then an APA unreasonable delay claim is also reviewable exclusively by a circuit. *See TRAC*, 750 F.2d at 76 ("Because the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may resolve claims of unreasonable delay [pursuant to the All Writs Act] in order to protect its future jurisdiction.") (citations

omitted).  As the D.C. Circuit stated, "It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power." *Id.* at 77.  Accordingly, *TRAC* makes clear that this Court does not have jurisdiction to hear Mr. Silberstein's unreasonable delay claim in Count I.

Mr. Silberstein argues that the Circuit's exclusive jurisdiction over final agency orders does not preclude this Court from hearing unreasonable delay claims under the APA.  To support this proposition, Mr. Silberstein points out that Section 25(b)(1) of the Exchange Act vests exclusive jurisdiction in the courts of appeals over challenges to rules promulgated pursuant to certain specified sections of the Exchange Act — namely, §§ 78f, 78i(h)(2), 78k, 78k-1, 78o(c)(5) or (6), 78o-3, 78q-1, or 78s.  *See* 15 U.S.C. § 78y(b)(1); *see also API*, 714 F.3d at 1333 (holding that "section 25(b) not only expressly authorizes appellate review of agency rules, but it limits that review to rules issued pursuant to specific provisions of the Exchange Act, leaving all others to be challenged in the district court").  Mr. Silberstein points out that his challenge involves a petition for the SEC to promulgate a rule under section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) — a provision that is not enumerated in section 25(b).  Mr. Silberstein contends that this fact alone means that his unreasonable delay claim is within the class of claims properly heard in district court.  The Court disagrees.

Mr. Silberstein's reliance on section 25(b) is misplaced.  It is true that section 25(b)'s jurisdictional grant is narrower than that conferred by section 25(a).  However, section 25(b)(1) involves challenges to final rules promulgated pursuant to specific enumerated provisions of the Exchange Act.  *See* 15 U.S.C. § 78y(b)(1); *see also API*, 714 F.3d at 1333

(noting that section 25(a) provides for direct court of appeals review of final orders and section 25(b) provides for such review of certain final rules). There is no final rule in the instant case. Therefore, section 25(b)(1) is inapplicable.

Unlike the plaintiff in *API*, Mr. Silberstein is not challenging a final or completed SEC *rule*. In Count I, Mr. Silberstein only challenges the SEC's failure to respond to his rulemaking petition. He also asks the Court to compel the SEC to respond to his petition and not to promulgate the rule itself. Only section 25(a) is implicated here and neither section 25(b)(1) nor *API* is relevant to Mr. Silberstein's claim.[5] Therefore, as discussed above, section 25(a) and *TRAC* preclude this Court from hearing Mr. Silberstein's unreasonable delay challenge and his claim to compel a response to his rulemaking petition. *See TRAC*, 750 F.2d at 75-79. For the foregoing reasons, Count I must be dismissed without prejudice for lack of jurisdiction.

## B. Count II – Failure to Grant the Petition

An APA "claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). "While courts are empowered 'to compel agency action unlawfully withheld or unreasonable delayed,' 5 U.S.C. § 706(1), a court may only do so . . . when the agency has failed to act in response to a clear legal

---

[5] The rule at issue in *API* was required by Congress in the Dodd-Frank Act and was promulgated under section 13(q) of the Exchange Act. *See API*, 714 F.3d at 1330-1331. Unlike the section 14(a) discretionary rulemaking sought in this case, a rule that is statutorily required — such as the one in *API* — would not implicate section 25(a)'s jurisdictional grant because SEC could not issue a final order refusing to undertake mandatory rulemaking. *See Oxfam Am. v. SEC*, 14-cv-13648-DJC (D. Mass.) (asking district court to compel SEC to promulgate a revised version of the rule at issue in *API*). On the other hand, since SEC could deny a petition for discretionary rulemaking, a challenge to compel a response to such petition is not reviewable by a district court as it would affect a circuit court's jurisdiction under section 25(a). Accordingly, this Court lacks jurisdiction over the relief sought in Count I because Mr. Silberstein's action does not involve the promulgation of a statutorily required rule.

duty." *Citizens for Responsibility and Ethics in Washington v. SEC*, 916 F. Supp. 2d 141, 148 (D.D.C. 2013) (*CREW*) (citing *Norton*, 542 U.S. at 63-64).

In the instant case, Mr. Silberstein seeks the promulgation of a rule pursuant to SEC's "broad discretionary powers" under section 14(a) of the Exchange Act. Am. Compl. ¶¶ 7-8. Section 14(a) recognizes SEC's discretion to promulgate rules and regulations governing the disclosures that companies must make during the proxy selection process. 15 U.S.C. § 78n(a) (providing that SEC "*may* prescribe" rules and regulations) (emphasis added). As the D.C. Circuit has stated, "the [SEC] has been vested by Congress with broad discretionary powers to promulgate (or not to promulgate) rules requiring disclosure of information beyond that specifically required by statute." *Natural Res. Def. Council, Inc. v. SEC*, 606 F.2d 1031, 1045 (D.C. Cir. 1979). Congress did not cast "disclosure rules in stone," but rather "opted to rely on the discretion and expertise of the SEC for a determination of what types of additional disclosure would be desirable." *Id.*

Mr. Silberstein does not dispute any of this. *See* Opp'n 13-15. Instead, he characterizes SEC's failure to act as an "effective denial" of his petition for rulemaking. *Id.* at 15. Mr. Silberstein claims that SEC was required to provide a sufficient explanation to support its denial of the petition. Since SEC failed to provide such explanation, Mr. Silberstein contends that Count II should proceed.[6]

The problem is that SEC did not deny the petition; it merely failed to respond to it. In *Norton*, the Supreme Court distinguished a "failure to act" from a "denial" and stated that

---

[6] Mr. Silberstein fails to cite any cases in support of the proposition that SEC's failure to act is tantamount to a denial. Mr. Silberstein also fails to recognize that, even if Count II were construed as a challenge to SEC's denial of his rulemaking petition, the D.C. Circuit would have exclusive jurisdiction over such challenge pursuant to *TRAC* and section 25(a)(1) of the Exchange Act. *See supra* analysis of Count I.

"[t]he latter is the agency's act of saying no to a request; the former is simply the omission of an action without formally rejecting a request — for example, the failure to promulgate a rule or take some decision by a statutory deadline." *Norton*, 543 U.S. at 63. Since the SEC has not denied the petition and Mr. Silberstein has not asserted that the SEC "failed to act in response to a clear legal duty," it follows that he failed to state a valid APA claim upon which relief can be granted. *CREW*, 916 F. Supp. 2d at 148. Count II must be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the SEC's Motion to Dismiss, Dkt. 8, and dismiss the Amended Complaint in its entirety, Dkt. 7. Count I will be dismissed without prejudice for lack of jurisdiction and Count II will be dismissed with prejudice for failure to state a claim. A memorializing Order accompanies this Memorandum Opinion.

Date: January 4, 2016

/s/
ROSEMARY M. COLLYER
United States District Judge
